UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOANNE REALFFE,                             Case No. 6:23-CV-00047-WWB-EJK

    Plaintiff,

vs.

MAGICAL CRUISE COMPANY LIMITED,
d/b/a DISNEY CRUISE LINE,

    Defendant.
_____/

## DEFENDANT MAGICAL CRUISE COMPANY LIMITED'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES

Defendant Magical Cruise Company Limited d/b/a Disney Cruise Line ("DCL") answers the complaint of plaintiff Joanne Realffe ("Ms. Realffe") as follows:

1. Without knowledge, therefore denied.

2. Admitted that DCL is a foreign corporation authorized to conduct business in the State of Florida. The remainder is denied.

3. Admitted for personal jurisdiction purposes only. The remainder is denied.

4. Admitted for the purposes of this lawsuit only. The remainder is denied.

5. Admitted.

6. Admitted.

7. Admitted that plaintiff requests an advisory jury. Denied that plaintiff is entitled to an advisory jury.

## ALLEGED "FACTS COMMON TO ALL COUNTS"

8. Admitted that DCL was the *pro hac vice* owner of the *Disney Magic* at the time of the plaintiff's alleged accident. The remainder is denied.

9. Admitted that DCL was the *pro hac vice* owner of the *Disney Magic* at the time of the plaintiff's alleged accident. The remainder is denied.

10. Admitted that Ms. Realffe was a ticketed passenger aboard the *Disney Magic*, which was in navigable waters on the date of her alleged accident. The remainder is denied.

11. Denied.

12. Denied.

13. Denied.

## COUNT I – ALLEGED NEGLIGENT FAILURE TO WARN

DCL restates, adopts, and incorporates by reference its responses to paragraphs one through thirteen as if stated herein.

14. The allegations in paragraph 14 contain legal conclusions to which no response is required. To the extent a response is required, denied.

15. The allegations in paragraph 15 contain legal conclusions to which no response is required. To the extent a response is required, denied.

16. Admitted.

17. (a. – d.)   Denied.

18. Denied.

19. Denied.

20. Denied.

## **COUNT II – ALLEGED NEGLIGENT MAINTENANCE**

DCL restates, adopts, and incorporates by reference its responses to paragraphs one through thirteen as if stated herein.

21. The allegations in paragraph 21 contain legal conclusions to which no response is required. To the extent a response is required, denied.

22. The allegations in paragraph 22 contain legal conclusions to which no response is required. To the extent a response is required, denied.

23. (a – c)  Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

## **COUNT III – ALLEGED GENERAL NEGLIGENCE**

DCL restates, adopts, and incorporates by reference its responses to paragraphs one through thirteen as if stated herein.

28. The allegations in paragraph 28 contain legal conclusions to which no response is required. To the extent a response is required, denied.

29. (a - k) Denied.

30. Denied.

31. Denied

32. Denied

DCL denies all allegations in Ms. Realffe's complaint that are not expressly admitted herein and denies that Plaintiff is entitled to the relief requested in the

3

WHEREFORE clause immediately following paragraphs 20, 27, and 32 of the complaint, or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

For its first affirmative defense and in further answer to the complaint, DCL asserts that Ms. Realffe has failed to state a cause of action to the extent that her own actions, either totally or partially, were the cause of any and all injuries that are alleged in the complaint.

### SECOND AFFIRMATIVE DEFENSE

For its second affirmative defense and in further answer to the complaint, DCL asserts that a pre-existing condition or injury proximately caused, in whole or in part, or contributed to, any personal injury alleged by Ms. Realffe.

### THIRD AFFIRMATIVE DEFENSE

For its third affirmative defense and in further answer to the complaint, DCL asserts that to the extent Ms. Realffe failed to mitigate her damages, DCL is entitled to a reduction of any award recovered by Ms. Realffe.

### FOURTH AFFIRMATIVE DEFENSE

For its fourth affirmative defense and in further answer to the complaint, DCL asserts that it is entitled to a set-off for any and all monies paid on behalf of Ms. Realffe toward her medical treatment that she was not entitled to receive, as well as any monies received from collateral and non-collateral sources.

### FIFTH AFFIRMATIVE DEFENSE

For its fifth affirmative defense and in further answer to the complaint, DCL

asserts that Ms. Realffe's claims are subject to the terms and conditions of her passenger ticket contract and DCL reserves all rights, terms, and conditions included within the contract. DCL adopts and incorporates the entirety of the passenger ticket contract into its answer and affirmative defenses by reference.

## SIXTH AFFIRMATIVE DEFENSE

For its sixth affirmative defense and in further answer to the complaint, DCL asserts that Ms. Realffe's damages were caused in whole or in part by the acts of third persons for whom DCL is not responsible and such acts amount to a superseding cause that cuts off any causal connection between DCL's alleged negligence and plaintiff's damages.

## SEVENTH AFFIRMATIVE DEFENSE

For its seventh affirmative defense and in further answer to the complaint, DCL asserts that there is no cause of action because it had no actual or constructive notice of any dangerous condition and, therefore, no duty to warn.

## EIGHTH AFFIRMATIVE DEFENSE

For its eighth affirmative defense and in further answer to the complaint, DCL asserts that no dangerous condition existed that caused Ms. Realffe's accident. Alternatively, if the condition described in Ms. Realffe's Complaint did exist, such condition was open and obvious and should have been observed by Ms. Realffe and, therefore, Ms. Realffe cannot recover for the alleged accident.

## NINTH AFFIRMATIVE DEFENSE

For its ninth affirmative defense and in further answer to the complaint, DCL asserts that Ms. Realffe does not meet the requirements of Federal Rule of Civil

Procedure 39 is not entitled to an advisory jury and DCL does not consent to the request for advisory jury trial.

### TENTH AFFIRMATIVE DEFENSE

For its tenth affirmative defense and in further answer to the complaint, DCL asserts that the alleged dangerous condition conformed to all applicable codes and standards of the industry. Accordingly, DCL cannot be held liable under general maritime law.

### ELEVENTH AFFIRMATIVE DEFENSE

For its eleventh affirmative defense and in further answer to the complaint, DCL asserts that any alleged negligence on its part was not the proximate cause of the injuries and damages alleged.

### TWELTH AFFIRMATIVE DEFENSE

For its twelfth affirmative defense and in further answer to the complaint, DCL asserts that plaintiff should not be permitted to present to the judge or recover any amount for past medical expenses that has been adjusted, written off, or otherwise reduced.

WHEREFORE, DCL respectfully requests that this District Court dismiss this action with prejudice, and enter judgment in its favor, awarding costs and such other and further relief as the District Court deems just and proper.

**/s/ Elbert L. Martin, IV**
ELBERT L. MARTIN, IV
Florida Bar No. 0098010
emartin@laulane.com
DAVID W. McCREADIE
Florida Bar No. 308269
dmccreadie@laulane.com
LAU, LANE, PIEPER, CONLEY

                                                                                          & McCREADIE, P.A.
Wells Fargo Center, Suite 1650
100 S. Ashley Drive
Tampa, FL 33602
Tel: (813) 229-2121
Fax: (813) 228-7710
Attorneys for Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that this document was filed on the Court's CM/ECF system on March 22, 2023, which will serve this document on each party in this action.

                                                           **/s/ Elbert L. Martin, IV**
ELBERT L. MARTIN, IV
Florida Bar No. 0098010